UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANE SMITH                                                      CIVIL ACTION

VERSUS                                                           24-40-SDD-SDJ

SAFEMARINE CORP., S.A., ET AL.

**RULING**

This matter is before the Court on three separate motions. Defendants Archer Daniels Midland Company and American River Transport Co., L.L.C. filed a *12(b)(6) Motion to Dismiss or in the Alternative 12(e) Motion for a More Definite Statement*.[1] Defendant Phoenix Bulk Carriers (BVI) Ltd. filed a *Motion for a More Definite Statement* pursuant to Federal Rule of Civil Procedure 12(e).[2] Finally, Defendant Riverside Shipping, L.L.C. filed a *12(b)(6) Motion to Dismiss or in the Alternative 12(e) Motion for a More Definite Statement*.[3] Plaintiff Shane Smith ("Plaintiff") opposes each Motion.[4] For the reasons that follow, the *Motions* will be granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff filed suit in Louisiana state court (19th Judicial District Court) in connection with injuries he allegedly sustained while working aboard a vessel in the Mississippi River.[5] Plaintiff alleges that on or about May 15, 2023, while employed by AmSpec MTS, Inc., and working aboard the M/V EVA PARIS ("the Vessel"), he "lost his balance after stepping in a pile of concrete that had been spilled during unlading of the Vessel's cargo

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 8.
[3] Rec. Doc. 12.
[4] Rec. Docs. 19, 18, 21.
[5] Rec. Doc. 1-2.

and not properly cleaned."[6] Plaintiff alleges he fell into the Mississippi River and sustained serious injuries.[7] Plaintiff's Petition for Damages named the following defendants: Riverside Shipping, L.L.C. ("Riverside"); Blue Water Shipping Co. ("Blue Water"); Phoenix Bulk Carriers (BVI) Limited ("Phoenix Bulk"); American River Transport Co., d/b/a ARTCO Stevedoring ("ARTCO"); and Archer Daniels Midland Company ("ADM").[8] On January 19, 2024, the action was removed to this Court by ADM and ARTCO on the basis of diversity subject matter jurisdiction.[9]

After removal, the three instant Motions were filed: the first by ARTCO and ADM,[10] the second by Phoenix Bulk,[11] and the third by Riverside.[12] All three Motions advance similar arguments that Plaintiff's Petition contains insufficient factual detail regarding each Defendants' role in the alleged accident and the basis for liability against each.

## II.    LAW AND ANALYSIS

ARTCO and ADM,[13] as well as Riverside,[14] seek dismissal pursuant to Rule 12(b)(6) for failure to state a claim, and alternatively move for a more definite statement

---

[6] *Id.* at ¶ 11.
[7] *Id.* at ¶¶ 11, 12.
[8] *Id.* at ¶¶ 4–9.
[9] Rec. Doc. 1. Although Blue Water and Plaintiff are both Louisiana citizens, ADM and ARTCO argued that the citizenship of Blue Water should be ignored because Blue Water was improperly joined (*Id.* at ¶ 14). On February 16, 2024, Plaintiff moved to remand arguing Blue Water was properly joined as a defendant (Rec. Doc. 17). In opposing the Motion to Remand, ARTCO and ADM submitted an affidavit from Blue Water's Chief of Strategy (Rec. Doc. 22-1) which indicated that Blue Water had no connection with the Vessel that would result in potential liability for Plaintiff's alleged injuries. Based on this uncontested affidavit, Magistrate Judge Scott D. Johnson recommended denial of Plaintiff's Motion to Remand and dismissal of Blue Water from the action without prejudice, finding that Plaintiff failed to demonstrate his ability to establish a cause of action against Blue Water (Rec. Doc. 26). The Court adopted the Magistrate Judge's recommendations (Rec. Doc. 30).
[10] Rec. Doc. 5.
[11] Rec. Doc. 8.
[12] Rec. Doc. 12.
[13] Rec. Doc. 5.
[14] Rec. Doc. 12.

pursuant to Rule 12(e). Phoenix Bulk only moves for a more definite statement under Rule 12(e).[15]

### A. Legal Standards

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility

---

[15] Rec. Doc. 8.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations omitted).
[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[19] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[21] *Id*.

that a defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

Rule 12(e) provides that a motion for more definite statement may be filed when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]"[25] The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[26] Such motions are disfavored and granted sparingly.[27] However, in the words of the Supreme Court, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[28] A party may not use a Rule 12(e) motion as a substitute for discovery;[29] however, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)."[30]

---

[22] *Id*.
[23] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[25] Fed. R. Civ. P. 12(e).
[26] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting *Advanced Communications Technologies, Inc. v. Li*, No. 05 Civ 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005)) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y. 1986)) (internal quotation marks omitted).
[27] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F.Supp.2d 611, 621 (N.D. Tex. 2013).
[28] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).
[29] *Id.*
[30] 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.).

As other courts have noted, "[t]he line between Rule 12(b)(6) and Rule 12(e)'s pleading standards is a blurry one."[31] Regarding the relationship between the two, it has been observed that "an implausible claim may well be stated intelligibly enough to enable the framing of a response, and a plausible claim, which would survive a Rule 12(b)(6) motion, may be pleaded vaguely enough to make response impossible, which would make it vulnerable to a Rule 12(e) motion."[32]

### B. Plaintiff's Allegations

In separate paragraphs, Plaintiff's Petition for Damages identifies and introduces each Defendant by name and corporate status, as well as their addresses and agents for service of process.[33] Apart from the singular introductory paragraphs, there is no additional information in the Petition regarding ARTCO or ADM. As to the other moving Defendants, Plaintiff additionally alleges that Riverside and Phoenix Bulk, "either individually, collectively, or in combination … owned, operated, assumed contractual responsibility, or otherwise exercised significant control over the M/V EVA PARIS and/or its shipment of bulk concrete, to which Plaintiff was assigned and aboard which Plaintiff was injured."[34]

The Petition goes on to provide that Plaintiff "lost his balance after stepping in a pile of concrete that had been spilled during unlading of the Vessel's cargo and not properly cleaned," as a result of which Plaintiff "fell multiple feet from the deck of the ship

---

[31] *Hoot Sys. LLC v. Comal Concrete Prod. Inc.*, No. 2:19-CV-00957, 2020 WL 1939180, at *2 (W.D. La. Apr. 22, 2020). *See also* 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.) ("[T]he difference between a pleading that either fails to state a claim for relief or is so poorly drafted that it gives the appearance of not stating a claim for relief and a pleading that states a claim so vaguely or ambiguously that it cannot be answered often is difficult to perceive.").
[32] 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.).
[33] Rec. Doc. 1-2, ¶¶ 4–9.
[34] Rec. Doc. 1-2, ¶ 7.

into the Mississippi River, and nearly drowned but-for a coworker pulling him out of the water."[35] Plaintiff then provides a list of eighteen theories of liability[36] without explaining which Defendant may be liable for which theory, and on what grounds. Similarly, Plaintiff alleges that "Defendants owed Plaintiff a duty consistent with the foregoing, and Defendants' various acts and omissions which proximately caused Plaintiff to encounter the hazardous condition aboard the Vessel consisted of a breach of said duties."[37] Plaintiff does not provide any detail regarding these "various acts or omissions" allegedly committed by the Defendants or what duties each Defendant breached as a result.

The Court finds that it is entirely unclear from a reading of the Petition what role each Defendant allegedly played in the incident or how each may be liable to Plaintiff. The Petition does not outline the connection between the few factual allegations and the legal theories and fails to specify which theories apply to which Defendants.

As the Eastern District of Louisiana has noted, "[i]f the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."[38] Under the present circumstances, the Court finds Defendants' motions for a more definite statement meritorious under Rule 12(e) because the primary grievance of all the moving Defendants is that the Petition is simply too vague.

---

[35] *Id.* at ¶ 11.
[36] *Id.* at ¶ 13.
[37] *Id.* at ¶ 14.
[38] *Anthony v. Chevron U.S.A Inc.*, No. CV 23-2847, 2023 WL 6464756, at *2 (E.D. La. Oct. 4, 2023) (quoting 5C Wright & Miller, Fed. Prac. and Proc. Civ. § 1376 (3d ed.)). *See also Crenshaw v. United States ex rel. Nat'l Aeronautics & Space Admin.,* 137 F.3d 1352, 1352 (5th Cir. 1998) (noting that district courts have discretion to treat a Rule 12(b)(6) motion to dismiss as a motion for more definite statement under Rule 12(e)).

The Supreme Court has stated that Rule 12(e) motions are "inextricably linked to Rule 8(a)'s simplified notice pleading standard."[39] Accordingly, "[w]hen evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8[.]"[40] Rule 8 provides, in pertinent part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[41] This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[42]

Here, the Petition lacks any factual allegations regarding the subject incident other than a brief description of Plaintiff's fall and injuries. As to ADM and ARTCO, the Petition contains no information whatsoever regarding their roles in or relationship to the incident. As to Phoenix Bulk and Riverside, Plaintiff broadly alleges that they, "either individually, collectively, or in combination … owned, operated, assumed contractual responsibility, or otherwise exercised significant control over" the Vessel or its shipment of concrete.[43] Other than a bare list of generic theories of liability[44] and conclusory statements, such as "Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety,"[45] the Petition does not convey with adequate specificity or clarity how the Defendants are responsible for Plaintiff's alleged injuries.  As Phoenix Bulk argues, "because Plaintiff has failed to actually allege any specific facts with respect to Phoenix Bulk, Phoenix Bulk

---

[39] *Swierkiewicz*, 534 U.S. at 513.
[40] *Babcock*, 235 F.R.D. at 633.
[41] *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544.
[42] *Iqbal*, 556 U.S. at 678.
[43] Rec. Doc. 1-2, ¶ 7.
[44] *Id.* at ¶ 13.
[45] *Id.* at ¶ 16.

cannot discern exactly what claim Plaintiff files against it or why Phoenix Bulk should be liable in the first instance."[46] The same is true for each moving Defendant.

The Court finds that Plaintiff's Petition lacks sufficient specificity to give the moving Defendants adequate notice of grounds upon which the claims are premised. Accordingly, because the Petition is "so vague or ambiguous that the [Defendants] cannot reasonably prepare a response,"[47] the Court finds the Rule 12(e) motion of each Defendant should be granted.

### III.    CONCLUSION

For the foregoing reasons, the *Motions*[48] are GRANTED IN PART and DENIED IN PART.

The *Motion*[49] filed by American River Transport Co. L.L.C., and Archer Daniels Midland Company, is DENIED as to the request for dismissal pursuant to Rule 12(b)(6). The *Motion* is GRANTED as to the alternative request for a more definite statement pursuant to Rule 12(e).

The *Motion for More Definite Statement*[50] filed by Phoenix Bulk Carriers (BVI) Limited is GRANTED.

The *Motion*[51] filed by Riverside Shipping, L.L.C. is DENIED as to the request for dismissal pursuant to Rule 12(b)(6). The *Motion* is GRANTED as to the alternative request for a more definite statement pursuant to Rule 12(e).

---

[46] Rec. Doc. 8-1, p. 3.
[47] Fed. R. Civ. P. 12(e).
[48] Rec. Docs. 5, 8, 12.
[49] Rec. Doc. 5.
[50] Rec. Doc. 8.
[51] Rec. Doc. 12.

Plaintiff has 14 days to file an Amended Complaint to re-state his claims against each of the moving Defendants in a manner consistent with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this <u>18th</u> day of <u>September</u>, 2024.

*Shelly D. Dick*
_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**